PER CURIAM.
Michael Martin appeals the trial court’s “Order Denying Severance Claim Set forth in the Motion for Post-Conviction Relief.” Although the trial court was correct on the merits, we reverse because the trial court lacked jurisdiction when it entered its order.
This Court earlier affirmed the denial of Martin’s rule 3.850 motion “except as it relate[d] to the severance claim raised in paragraph eight of the motion,” which the trial court failed to address. We remanded with instructions for the trial court to either attach portions of the record that refuted the allegations or set an evidentia- *383 ry hearing. Martin v. State, 152 So.3d 95, 96 (Fla. 5th DCA 2014). However, before we issued the mandate returning jurisdiction to the trial court, it rendered an order denying Martin’s severance claim, attaching portions of the record in support of the denial. We see no error in the trial court’s ruling. The attached record clearly refutes Martin’s ineffective assistance claim. However, the trial court lacked jurisdiction to enter its order before issuance of the mandate in Martin’s original rule 8.850 appeal. See Smith v. State, 997 So.2d 507, 507 (Fla. 5th DCA 2008) (holding that order was nullity because trial court lacked jurisdiction to enter order before mandate issued). Accordingly, we reverse and remand for the trial court to re-enter the order.
REVERSED and REMANDED.
SAWAYA, ORFINGER and WALLIS, JJ., concur.