IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KANDICE DINGEY,

       Appellant,

v.                                      Case No. 5D17-669

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed May 5, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Kandice Dingey, Quincy, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Kandice Dingey filed a Florida Rule of Criminal Procedure 3.850 motion raising

two claims of ineffective assistance of counsel. The trial court summarily denied the

motion. However, because the trial court's order did not address Dingey's second claim,

we reversed in part and remanded. *Dingey v. State*, 210 So. 3d 738 (Fla. 5th DCA 2017)

("Because the trial court failed to address claim two, we reverse that part of the order

summarily denying that claim and remand this case for attachment of the record that refutes the claim or for an evidentiary hearing.")

On remand, but prior to the issuance of the mandate, the trial court entered an order summarily denying Dingey's second claim. Although the trial court was correct on the merits, we reverse because the trial court lacked jurisdiction when it entered its order. *See Martin v. State*, 159 So. 3d 382 (Fla. 5th DCA 2015) (holding that trial court lacked jurisdiction to enter its order before issuance of mandate on original rule 3.850 appeal).

Accordingly, we reverse and remand for the trial court to reenter the order.

REVERSED and REMANDED.

TORPY and EVANDER, JJ., and JACOBUS, B.W., Senior Judge, concur.