PER CURIAM.
Kandice Dingey filed a Florida Rule of Criminal Procedure 3.850 motion raising two claims of ineffective assistance of counsel. The trial court summarily denied the motion. However, because the trial court’s order did not address Dingey’s second claim, we reversed in part and remanded. Dingey v. State, 210 So.3d 738 (Fla. 5th DCA 2017) (“Because the trial court failed to address claim two, we reverse that part of the order summarily denying that claim and remand this case *780 for attachment of the record that refutes the claim or for an evidentiary hearing.”)
On remand, but prior to the issuance of the mandate, the trial court entered an order summarily denying Dingey’s second claim. Although the trial court was correct on the merits, we reverse because the trial court lacked jurisdiction when it entered its order. See Martin v. State, 159 So.3d 382 (Fla. 5th DCA 2015) (holding that trial court lacked jurisdiction to enter its order before issuance of mandate on original rule 3.850 appeal).
Accordingly, we reverse and remand for the trial court to reenter the order.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., and JACOBUS, B.W., Senior Judge, concur.